UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-23991

DAVID ROSADO,

     Plaintiff,

v.

ROYAL CARIBBEAN GROUP,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY[1]

    Plaintiff, DAVID ROSADO (hereinafter "ROSADO"), through undersigned counsel, sues Defendant, ROYAL CARIBBEAN GROUP, (hereinafter "ROYAL"), and demands trial by jury, stating as follows:

### PARTIES AND JURISDICTION

    1.    ROSADO seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

    2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

    3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

    4.    Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by ROYAL.

---

[1] When this complaint refers to a numbered paragraph, such as "paragraph 16" for example, unless otherwise stated, it is referring to the corresponding numbered paragraph of this complaint.

5.     ROSADO is *sui juris* and is a resident and citizen of the state of Florida.

6.     ROYAL is a citizen of the state of Florida and the nation of Liberia.

7.     ROYAL is a foreign corporation that is authorized to conduct and that does conduct business in the state of Florida, that at all times material hereto was and is doing business in Miami-Dade County, Florida, and that maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

8.     ROYAL, at all times material hereto, personally and/or through an agent, in Miami-Dade County, Florida, in the Southern District of Florida:

     a.     Operated, conducted, engaged in, or carried on a business venture; and/or

     b.     Had an office or agency; and/or

     c.     Engaged in substantial activity; and/or

     d.     Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193.

9.     All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## **FACTUAL ALLEGATIONS**

10.    The exemplar photograph below depicts the subject waterslide in the subject area.



11.   At all times material hereto, ROYAL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject cruise ship, *the Symphony of the Seas*.

12.   At all times material hereto, ROYAL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject area involved in ROSADO'S incident.

13.   ROSADO'S incident occurred on or about June 9, 2022, while he was a fare paying passenger on ROYAL'S vessel, *the Symphony of the Seas*.

14.   On or about June 9, 2022, between 12:30 PM and 1:30 PM, ROSADO went to the Perfect Storm water slide area (hereinafter, the "subject area"). While in line, ROSADO was given improper instructions by a ROYAL crewmember who instructed ROSADO to cross his arms and his legs and to put his head back. As he went down the slide. ROSADO followed these instructions, but as a result of doing so, he hit his head hard multiple times as he went down the slide.

15.   As a result, ROSADO sustained severe injuries that include, but are not limited to, a concussion, whiplash, possible traumatic brain injuries, and other serious injuries.

16.    At all relevant times, the dangerous and/or risk creating conditions include, but are not limited to the following:

a.    The subject water slide had unreasonably dangerous ring-like features at certain points along the slide, which created an unreasonably high risk of passengers hitting their heads on these ring-like features, especially without proper instructions for positioning their heads. Rosado hit his head on at least some of these ring-like features, thereby causing his incident and injuries.

b.    The subject water slide was unreasonably small and/or constricted such that passengers' heads were at an unreasonably high risk of hitting their heads on the slide, especially without proper instructions for positioning their heads. Rosado hit his head on the slide, thereby causing his incident and injuries.

c.    The subject water slide was unreasonably curved and/or bent, including at unreasonably tight angles, such that ROSADO'S head hit some parts of the slide which were unreasonably curved, angled and/or bent.

d.    The subject water slide was made out of unreasonably hard materials such that passengers who hit their heads on the slide were subjected to an unreasonable risk of serious injury. The unreasonable hardness of the subject slide caused ROSADO'S injuries, since if the subject slide was made of less hard materials, his head might have experienced some pain, but he would not have experienced the severe injuries he did.

e.    Other dangerous conditions which will be revealed during discovery.

f.    The improper instructions the crewmember provided to ROSADO.

17.   Each of these dangerous conditions was a sufficient cause of ROSADO'S incident and injuries, each of these conditions caused ROSADO'S incident and injuries, and ROSADO is alleging that ROYAL was negligent as to each of these conditions in the alternative.[2]

18.   ROYAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the following:

a.   During a comedy event, a crewmember comedian made a joke about passengers hitting their heads in ROYAL's slides, indicating that ROYAL knew that this was a frequent occurrence.

b.   There was a warning sign in the subject area that stated that passengers should not hold their heads back while going down the water slide, that the water slide had potentially dangerous ring-like features, that the water slide was very small, that the water slide had tight and/or steep curves/angles, that the water slide was very hard, and/or that the water slide was otherwise potentially dangerous. However, this warning was not in a location where ROSADO or any reasonable person could reasonably see or appreciate it prior to ROSADO'S incident.

c.   Furthermore, ROSADO observed approximately three ROYAL crewmembers in the subject area at the time of the incident, both near the top and the bottom of the slide, and these crewmembers were in the immediate vicinity, such that ROSADO reasonably infers that these crew members regularly used, observed, and tended to the subject area, and therefore were or should have been aware of the dangerous and/or

---

[2]  A sufficient cause means a cause that, acting alone, is sufficient to cause an effect. (https://www.verywellhealth.com/understanding-causality-necessary-and-sufficient-3133021). In this case, this means that each dangerous conditions ROSADO has alleged alone was a cause of his incident such that the only way ROYAL could have prevented ROSADO'S incident was to have adequately warned of or remedied each of these conditions.

risk-creating conditions discussed in paragraph 16, and should have warned of and/or removed these conditions.

d. ROYAL participated in the installation and/or design of the subject area, or alternatively, ROYAL accepted the area with its design defects present after having been given an opportunity to inspect the ship and materials on it, including the subject area, such that ROYAL should have known of the design defects of the subject area before providing it for public use. These design defects include, but are not limited to, the dangers outlined in paragraph 16(a-e).

e. There are relevant safety standards/recommendations/other guidelines regarding the safety of the subject area, including, but not limited to, prohibitions and/or recommendations against the deficiencies discussed in paragraph 16, and ROYAL should have known of these standards/recommendations/other guidelines because whether such standards/recommendations/other guidelines are legally required for ROYAL to comply with or not, a fact-finder is entitled to determine, if it so choses, that these standards/recommendations/other guidelines show what a reasonable cruise line should have done.

f. ROYAL also knew or should have known of these dangerous conditions through inspecting the subject area involved in ROSADO'S incident, and if it did not know of these dangerous conditions, this was because ROYAL failed to adequately inspect the subject area prior to ROSADO'S incident.

g. Previous passengers in prior cases suffered prior incidents involving other games that exposed ROYAL'S passengers to similar degrees of danger on its ships, including, but not limited to, *Nguyen v. Royal Caribbean Cruises, Ltd.*, No. CV 16-24930-CIV,

2017 WL 1374168, at *1 (S.D. Fla. Apr. 13, 2017).

    h.   Moreover, ROYAL knew or should have known of these dangerous conditions for other reasons that will be revealed through discovery.

19.   At all times relevant, the subject area was unreasonably dangerous, risk-creating, defective, improperly designed, improperly installed, and/or otherwise unsafe.

20.   The subject area and the vicinity lacked adequate safety features to prevent or minimize ROSADO'S incident and/or injuries.

21.   These hazardous conditions were known, or should have been known, to ROYAL in the exercise of reasonable care.

22.   These hazardous conditions existed for a period of time before the incident.

23.   These conditions were neither open nor obvious to reasonable passengers, including ROSADO, and ROYAL failed to adequately warn ROSADO of the dangers. ROYAL failed to provide reasonable warnings such as, for example, a verbal warning before entering the slide to warn ROSADO of the potentially life-altering danger of hitting his head inside the slide, and better instructions than the negligent ones discussed previously. The dangerous conditions that ROYAL needed to warn ROSADO of are those discussed in paragraph 16(a-e).

24.   At all times relevant, ROYAL failed to adequately inspect the conditions discussed in paragraph 16(a-e), as well as the subject area and the vicinity, for dangers. For example, ROYAL was required, by its own policies and procedures, to inspect the subject area in certain intervals of time (such as, for example, every fifteen minutes), to ensure that it was not a danger to passengers of, for example, hitting their heads on the slide. However, ROYAL failed to inspect the subject area during the intervals its own policies and procedures required, thereby causing it to be unable to address the dangers of these conditions prior to ROSADO'S incident.

25.    At all times relevant, ROYAL had the ability to remedy the dangerous conditions, but failed to do so. For example, ROYAL could have blocked off/prevented passengers from entering the subject water slide but failed to do so. The dangerous conditions that ROYAL needed to remedy are those discussed in paragraph 16.

26.    At all times relevant, ROYAL failed to maintain the conditions discussed in paragraph 16(a-e) in a reasonably safe condition. For example, ROYAL failed to perform regular upkeep on the subject water slide, including, but not limited to, by failing to regularly test and perform maintenance on the water slide such that it did not become unreasonably bent and/or unreasonably hard.

27.    At all times relevant, ROYAL participated in the design and/or approved the design of the subject water slide involved in ROSADO'S incident.

28.    At all times relevant, ROYAL participated in the installation and/or approved the installation of the subject water slide involved in ROSADO'S incident.

29.    The crewmembers of *the Symphony of the Seas* were in regular full-time employment of ROYAL and/or the ship, as salaried crewmembers.

30.    ROYAL'S crewmembers, employees, and/or agents were subject to the ship's discipline and master's orders, and ROYAL had the right to hire and fire its crewmembers, employees, and/or agents.

31.    ROYAL is directly responsible and liable for their actions and the actions of its crewmembers, employees, and/or agents.

32.    The crewmembers, including the medical staff, were employees and/or actual agents and/or apparent agents of ROYAL, and acted within the course and scope of their employment and/or agency agreement and/or relationship.

33.   The crewmembers were represented to ROSADO and the ship's passengers as employees of ROYAL through signs, documents, and/or uniforms. The crewmembers were also paid a salary and/or hourly wage by ROYAL. ROYAL knew that the crewmembers represented themselves to be employees of ROYAL and allowed them to represent themselves as such. ROSADO detrimentally relied on these representations as ROSADO would not have proceeded on the subject cruise had he believed the crewmembers were not employees of ROYAL.

## COUNT I
## NEGLIGENT FAILURE TO INSPECT

34.   ROSADO hereby adopts and re-alleges each and every allegation in paragraphs 1-22 and 24-25 as if set forth herein.

35.   ROYAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

36.   This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately inspecting the conditions discussed in paragraph 16(a-e), as well as the subject area and the vicinity, for dangers.

37.   At all times material, ROYAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with ROYAL breached the duty of reasonable care owed to ROSADO and were negligent by failing to adequately inspect the conditions discussed in paragraph 16(a-e), as well as the subject area and the vicinity, for dangers, such that the unreasonably risk creating and/or dangerous conditions discussed in paragraph 16(a-e) were present at the time of ROSADO'S incident.

38.   ROYAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 18.

39.   These risk-creating and/or dangerous conditions were caused by ROYAL'S failure to adequately inspect the conditions discussed in paragraph 16(a-e), as well as the subject area and the vicinity.

40.   ROYAL'S breach was the cause in-fact of ROSADO'S great bodily harm in that, but for ROYAL'S breach ROSADO'S injuries would not have occurred.

41.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

42.   ROYAL'S breach proximately caused ROSADO great bodily harm in that the incident that occurred was a foreseeable result of ROYAL'S breach.

43.   As a result of ROYAL'S negligence, ROSADO has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of ROSADO'S vacation, cruise, and transportation costs.

44.   The losses are permanent and/or continuing in nature.

45.   ROSADO suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, DAVID ROSADO, demands judgment against Defendant, ROYAL CARIBBEAN GROUP, for damages suffered and costs incurred, as well as for damages and costs that ROSADO will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and

treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT II**
**NEGLIGENT FAILURE TO MAINTAIN**

46.     ROSADO hereby adopts and re-alleges each and every allegation in paragraphs 1-22 and 25-26 as if set forth herein.

47.     ROYAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

48.     This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately maintaining the conditions discussed in paragraph 16(a-e).

49.     At all times material, ROYAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with ROYAL, breached the duty of reasonable care owed to ROSADO and were negligent by failing to adequately maintain the conditions discussed in paragraph 16(a-e), such that the unreasonably risk creating and/or dangerous conditions discussed in paragraph 16(a-e) were present at the time of ROSADO'S incident.

50.     ROYAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 18.

51.     Moreover, these risk-creating and/or dangerous conditions were caused by ROYAL'S failure to adequately maintain the conditions discussed in paragraph 16(a-e).

52.     ROYAL'S breach was the cause in-fact of ROSADO'S great bodily harm in that, but

for ROYAL'S breach ROSADO'S injuries would not have occurred.

53.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

54.   ROYAL'S breach proximately caused ROSADO great bodily harm in that the incident that occurred was a foreseeable result of ROYAL'S breach.

55.   As a result of ROYAL'S negligence, ROSADO has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of ROSADO'S vacation, cruise, and transportation costs.

56.   The losses are permanent and/or continuing in nature.

57.   ROSADO has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, DAVID ROSADO, demands judgment against Defendant, ROYAL CARIBBEAN GROUP, for damages suffered and costs incurred, as well as for damages and costs that ROSADO will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT III**
**NEGLIGENT FAILURE TO REMEDY**

58.    ROSADO hereby adopts and re-alleges each and every allegation in paragraphs 1-22 and 25 as if set forth herein.

59.    ROYAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

60.    This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately remedying the dangerous conditions discussed in paragraph 16.

61.    At all times material, ROYAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with ROYAL, breached the duty of reasonable care owed to ROSADO and were negligent by failing to adequately remedy the dangerous conditions discussed in paragraph 16.

62.    ROYAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 18.

63.    Moreover, these risk-creating and/or dangerous conditions were caused ROYAL'S failure to adequately remedy the dangerous conditions discussed in paragraph 16.

64.    ROYAL'S breach was the cause in-fact of ROSADO'S great bodily harm in that, but for ROYAL'S breach ROSADO'S injuries would not have occurred.

65.    Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

66.    ROYAL'S breach proximately caused ROSADO great bodily harm in that the

incident that occurred was a foreseeable result of ROYAL'S breach.

67.   As a result of ROYAL'S negligence, ROSADO has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of ROSADO'S vacation, cruise, and transportation costs.

68.   The losses are permanent and/or continuing in nature.

69.   ROSADO has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, DAVID ROSADO, demands judgment against Defendant, ROYAL CARIBBEAN GROUP, for damages suffered and costs incurred, as well as for damages and costs that ROSADO will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

### COUNT IV
### NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION

70.   ROSADO hereby adopts and re-alleges each and every allegation in paragraphs 1-23 as if set forth herein.

71.   At all times relevant, ROYAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including ROSADO.

72.   Such duty includes, but is not limited to, the duty that ROYAL owes to warn

passengers of any dangers that it knew or should have known were not open and obvious to ROSADO.

73.     Such duty also includes, but is not limited to, the duty to warn passengers of hazards, which passengers may reasonably be expected to encounter.

74.     At all times material, ROYAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with ROYAL, breached the duty of reasonable care owed to ROSADO and was negligent by failing to warn ROSADO of the dangerous conditions discussed in paragraph 16(a-e).

75.     Furthermore, ROYAL knew or should have known of these dangerous conditions for the reasons discussed in paragraph 18.

76.     These dangerous conditions were also created by ROYAL.

77.     ROYAL failed to adequately ensure there were no dangerous conditions that passengers needed to be warned of, and/or ROYAL failed to warn ROSADO despite knowing of the dangers.

78.     These dangerous conditions existed for a period of time before the incident.

79.     These conditions were neither open nor obvious to ROSADO.

80.     ROYAL'S breach was the cause in-fact of ROSADO'S great bodily harm in that, but for ROYAL'S breach ROSADO'S injuries would not have occurred.

81.     Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

82.     ROYAL'S breach proximately caused ROSADO great bodily harm in that the

incident that occurred was a foreseeable result of ROYAL'S breach.

83.   As a result of ROYAL'S negligence, ROSADO has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of ROSADO'S vacation, cruise, and transportation costs.

84.   The losses are permanent and/or continuing in nature.

85.   ROSADO has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, DAVID ROSADO, demands judgment against Defendant, ROYAL CARIBBEAN GROUP, for damages suffered and costs incurred, as well as for damages and costs that ROSADO will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT V
## NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT WATER SLIDE

86.   ROSADO hereby adopts and re-alleges each and every allegation in paragraphs 1-22, 25, and 27-28, as if set forth herein.

87.   ROYAL negligently designed, as well as negligently approved of the design, of the dangerous conditions discussed in paragraph 16(a-e).

88.    At all times material hereto, ROYAL owed a duty to its passengers, and in particular a duty to ROSADO, not to permit dangerous conditions to be in places where they could harm passengers, such as those discussed in paragraph 16(a-e), as well as to design and install reasonable safeguards.

89.    At all times material hereto, ROYAL participated in the design process of the subject vessel by generating design specifications for the shipbuilder to follow, and to put the vessel on which ROSADO was injured into the channels of trade, and/or ROYAL approved of the subject vessel's design, including the design of the subject water slide.

90.    At all times material hereto, ROYAL manufactured, designed, installed, and/or approved of *the Symphony of the Seas*, including providing specifications to the shipbuilder in the original build process, and/or during its refurbishments, and as such owed a duty to its passengers, and in particular a duty to ROSADO, to design, install and/or approve of the conditions discussed in paragraph 16(a-e) without the deficiencies discussed in paragraph 16(a-e).

91.    At all times material hereto, ROYAL through its agents and/or employees who were acting in the course and scope of their employment and/or agency with ROYAL, designed, installed, and/or approved of the subject water slide involved in ROSADO'S incident, which was also in violation of the applicable industry standards/recommendations and/or other guidelines.

92.    ROYAL provides design elements of the vessels to the ship builder and/or approves of design elements which include the subject water slide.

93.    ROYAL maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the vessels, including *the Symphony of the Seas*, during the new build process.

94.    ROYAL has the right to enter the ship and inspect it during construction to ensure

that it is being constructed in accordance with the design specifications and has a right to insist on changes when safety concerns are identified.

95.   ROYAL has the right to inspect and reject design elements before taking possession of the ship.

96.   However, ROYAL permitted the dangerous conditions discussed in paragraph 16(a-e) to be present in the subject area and the vicinity without correcting these design deficiencies and did not design and install reasonable safeguards.

97.   Furthermore, ROYAL knew or should have known of these dangerous conditions for the reasons discussed in paragraph 18.

98.   The design flaws that made the subject water slide involved in ROSADO'S incident unreasonably dangerous were the direct and proximate cause of ROSADO'S injuries.

99.   ROYAL is liable for the design flaws of the vessel, including of the subject water slide involved in ROSADO'S incident, which it knew or should have known of.

100.  ROYAL failed to correct and/or remedy the defective conditions, despite the fact that ROYAL knew or should have known of the danger(s).

101.  ROYAL'S breach was the cause in-fact of ROSADO'S great bodily harm in that, but for ROYAL'S breach ROSADO's injuries would not have occurred.

102.  Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

103.  ROYAL'S breach proximately caused ROSADO great bodily harm in that the incident that occurred was a foreseeable result of ROYAL'S breach.

104.  As a result of ROYAL'S negligence, ROSADO has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of ROSADO'S vacation, cruise, and transportation costs.

105.  The losses are permanent and/or continuing in nature.

106.  ROSADO has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, DAVID ROSADO, demands judgment against Defendant, ROYAL CARIBBEAN GROUP, for damages suffered and costs incurred, as well as for damages and costs that ROSADO will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT VI
## NEGLIGENCE FOR THE ACTS OF ROYAL'S CREW, STAFF, EMPLOYEES, AND/OR AGENTS, BASED ON VICARIOUS LIABILITY

17.   ROSADO hereby adopts and re-alleges each and every allegation in paragraphs 1-22, 25, and 29-33, as if set forth herein.

18.   ROYAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

19.   The crewmember who gave ROSADO the negligently deficient instructions was an

agent of ROYAL for the following reasons:

a.     He was the staff and/or employee of ROYAL, or was ROYAL'S agent, apparent agent, and/or servant; and/or

b.     This staff, employee, and/or agent was subject to the right of control by ROYAL; and/or

c.     This staff, employee, and/or agent was acting within the scope of the employment or agency; and/or

d.     ROYAL acknowledged that this staff, employee, and/or agent would act on ROYAL'S behalf, and he accepted the undertaking.

20.   ROYAL is vicariously liable for the negligent acts of this staff, employee, and/or agent in providing the negligently deficient instructions to ROSADO.

21.   ROYAL'S breach was the cause in-fact of ROSADO'S great bodily harm in that, but for ROYAL'S breach ROSADO'S injuries would not have occurred.

22.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

23.   ROYAL'S breach proximately caused ROSADO great bodily harm in that the incident that occurred was a foreseeable result of ROYAL'S breach.

24.   As a result of ROYAL'S negligence, ROSADO has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of ROSADO'S

vacation, cruise, and transportation costs.

25. The losses are permanent and/or continuing in nature.

26. ROSADO has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, DAVID ROSADO, demands judgment against Defendant, ROYAL CARIBBEAN GROUP, for damages suffered and costs incurred, as well as for damages and costs that ROSADO will suffer and incur in the future, as a result of his bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, DAVID ROSADO, demands trial by jury on all issues so triable.

**Dated:** December 8, 2022.

Respectfully submitted,

*/s/ Spencer M/ Aronfeld*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
*Attorneys for ROSADO*